# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

SHEILA MOORE,

        Plaintiff,

vs.

HEALTHCARE OF IOWA, INC.,
DEANNA KAHLER, Individually and in
her corporate capacities; McGREGOR
NURSING HOME COMPANY, LC,
d/b/a Great River Care Center,

        Defendants.

No.   16-CV-1021-CJW

**ORDER**

---

## I.    INTRODUCTION

Plaintiff Sheila Moore (Moore) brought suit against defendants alleging a violation of the Americans With Disabilities Act (ADA) (Count I), and disability discrimination in violation of the Iowa Civil Rights Act (Count II).[1]  Doc. 8.  Defendants Healthcare of Iowa (HI) and Deanna Kahler (Kahler) moved to dismiss the complaint against them on the ground that Moore failed to exhaust her administrative remedies against them.  Doc. 11.  Defendant McGregor Nursing Home Company, L.C., d/b/a Great River Care Center (Great River) is now seeking dismissal of the complaint against it.  Moore resisted the motion to dismiss.  Doc. 13.  On October 13, 2016, the Court heard oral arguments on the motion.  The Court deems the motions to dismiss the complaint fully submitted.  For the reasons that follow, the Court denies defendants HI's and Kahler's Motion to Dismiss.

---

[1] Count I does not name Deanna Kahler as a defendant because individuals are not subject to liability under the ADA.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

### A.  *Job Offer and Rescission*

McGregor Nursing Home Company L.C., an Iowa corporation, owns and operates the Great River Care Center.  Doc. 8, ¶5.  HI is an Iowa corporation providing professional management services for Great River.  *Id.*, ¶6.  Deanna Kahler is a Great River and HI managerial or supervisory employee.  *Id.*, ¶ 7.

On July 21, 2014, defendants offered Moore a position as a Registered Nurse. Doc. 8, ¶14.  Defendants informed Moore that she was required to undergo a post-offer medical screening, which was scheduled for July 23, 2014.  *Id.*, ¶15.  Moore informed defendants she had a 50 pound lifting restriction due to the surgical removal of a kidney tumor.  *Id.*, ¶16.

On July 25, 2014, Moore took and passed the post-offer medical screening.[2] Doc. 8, ¶ 19.

On July 28, 2014, defendants informed Moore that they were rescinding the job offer because of Moore's physical impairment, explaining that they did not have to accommodate her disability because she was not yet an employee.  Doc. 8, ¶¶20-22.

### B.  *EEOC Complaint and Proceedings*

On July 30, 2014, Moore sent a discrimination complaint to the EEOC.  Doc. 13-2, at 5 (Exhibit A).[3]  The complaint references Kahler, by name, as the

---

[2] To be sure, defendants deny this allegation.

[3] The document reflects that the EEOC received it on August 13, 2014.

"administrator" who informed Moore that Great River was rescinding the offer. Moore provided the "name and address of the nursing home" as "Great River Care Center (managed by Healthcare of Iowa)."

On August 18, 2014, the Chicago District Office of the EEOC sent Moore a letter attaching a Charge of Discrimination form, identifying Great River as the respondent. Doc. 13-2, at 6-8 (Exhibits B & C). This Charge of Discrimination form bore the Charge Number with the last five digits 05982. Moore signed the charge document on August 25, 2014. Doc. 13-2, at 9 (Exhibit D). The respondent in the Charge of Discrimination is identified as "Great River Care Center" with a "Street Address" of "Healthcare of Iowa, 1400 W. Main, Mcgregor [sic], IA 52157." *Id*. In the section of the form for "The Particulars," neither Healthcare of Iowa nor Kahler are referenced by name or position. This charge was cross-filed with the Iowa Civil Rights Commission.

On August 18, 2014, the Chicago District Office of the EEOC sent a Notice of Charge of Discrimination (Charge No. 05982) to the Chief Executive Officer, "GREAT RIVER CARE CENTER, Healthcare of Iowa, 1400 W. Main, Mcgregor [sic], IA 52157." Doc. 13-2, at 10 (Exhibit E).

On August 19, 2014, the Milwaukee Area Office of the EEOC sent a Notice of Charge of Discrimination (Charge No. 01246) to "GREAT RIVER CARE CENTER, Attn: Human Resource Manager, 1400 W Main Street, Mcgregor [sic], IA 52157." Doc. 13-2, at 11 (Exhibit F).

On August 26, 2014, the Milwaukee Area Office of the EEOC sent Moore a letter with an attached Charge of Discrimination form, identifying the respondent as Great River Care Center. Doc. 13-2, at 12-13 (Exhibits G & H). The Charge of Discrimination Form bore the Charge Number with the last five digits 01246. Moore signed the charge document on September 3, 2014. Doc. 13-2, at 14 (Exhibit I). The

respondent in the Charge of Discrimination is identified as "Great River Care Center" with a "Street Address" of "1400 W. Main Street, Mcgregor [sic], IA 52157." *Id.* In the section of the form for "The Particulars," neither Healthcare of Iowa nor Kahler are referenced by name. It does, however, indicate that an "administrator" rescinded the job offer.

On September 3, 2014, the charge filed in the Chicago Office of the EEOC (Charge No. 05982) was transferred to the Milwaukee Office. Doc. 13-2, at 17 (Exhibit L).

On February 2, 2016, the EEOC issued a Notice of Right to Sue in relation to Charge No. 01246. Doc. 13-2, at 38 (Exhibit W). The EEOC sent Great River a copy of the Notice of Right to Sue.

On June 2, 2016, the Iowa Civil Rights Commission issued a Letter of Right to Sue in relation to Charge No. 05982. Doc. 13-2, at 39 (Exhibit X). The Commission sent Great River a copy of the notice.

### C. Federal Court Proceedings

On May 27, 2016, Moore filed a one-count complaint in this Court against "The John R. and Zelda Z. Grubb Charitable Foundation, d/b/a Great River Care Center, and Healthcare of Iowa," in which Moore alleged she was discriminated against by defendants based on her disability. Doc. 2.

On June 15, 2016, Moore filed an amended complaint against the same defendants named in her original complaint, plus Kahler, and broke out her discrimination claim into two counts; the first alleging a violation of the ADA, and the second, a violation of the Iowa Civil Rights Act. Doc. 4.

On July 8, 2016, Moore filed a Second Amended Complaint. This complaint was, in all respects, identical to her first amended complaint except that it substitutes

McGregor Nursing Home Company, L.C., as a defendant in the place of The John R. and Zelda Z. Grubb Charitable Foundation.  Doc. 8.

On July 20, 2016, defendants filed the instant motion to dismiss.  Doc. 11.

### III.  DISCUSSION

Defendants HI and Kahler move to dismiss the Second Amended Complaint on the ground that Moore did not properly exhaust her administrative remedies against them. Doc. 11, at 2.  Specifically, defendants alleged that they were not named in any of the EEOC filings as a respondent, and consequently, did not have notice or an opportunity to conciliate through the administrative process.  It is well established in the Eighth Circuit that failure to exhaust an administrative remedy is an affirmative defense.  *See Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1110 (8th Cir. 2007).  The burden is on defendants HI and Kahler to prove that Moore failed to exhaust her administrative remedies.  *See*, *e.g.*, *Slingland v. Donahoe*, 542 F. App'x 189, 191 (3rd Cir. 2013) (noting that burden of proving failure to exhaust administrative remedies falls on defendants bringing a motion to dismiss pursuant to Rule 12(b)(6)); *Latson v. Holder*, 82 F. Supp. 3d 377, 386 (D. D.C. 2015) (same).

Defendants bring their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This is the proper rule for the Court to apply to a claim that Moore has failed to exhaust her administrative remedies.  *See*, *e.g.*, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (Rule 12(b)(1) motion to dismiss on jurisdictional grounds is inappropriate because Court held "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); *Greenwood v. Ross*, 778 F.2d 448, 450-51 (8th Cir. 1985) (citing

*Zipes* and noting that exhausting administrative remedies is not a jurisdictional requirement).

Before turning to whether defendants carried their burden of proving that Moore failed to exhaust her administrative remedies, it is first appropriate to address the standard of review pertaining to a motion to dismiss pursuant to Rule 12(b)(6) because, in this context, the Court is limited in the scope of pleadings and documents it may consider.

### A. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 at 678. A complaint that relies on "naked assertion[s]" devoid of "further factual enhancement," "labels and conclusions," or "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 557.

"When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 51 U.S. 89, 94 (2007). It must also "grant all reasonable inferences from the pleadings in favor of the nonmoving party." *United States v. Any & All Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). To survive a motion to dismiss, then, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While plausibility is not equivalent to probability, it is something "more than the sheer possibility that a defendant has acted unlawfully." *Id.* "The question . . . is not whether [the plaintiff] might at some later stage be able to prove [a claim]; the question is whether [the plaintiff] has adequately asserted facts (as contrasted with naked legal conclusions) to support his claims." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012). In assessing whether a complaint states a plausible claim, the court "considers only the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint.'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)). *See also Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (stating that in considering a motion to dismiss, the court may rely on the face of the complaint and exhibits attached to the complaint whose authenticity is unquestioned). However, "[t]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion." 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1366, at 491 (2d ed.1990); *Casazza v. Kiser*, 313 F.3d 414, 417–18 (8th Cir. 2002). A court must also assess "plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation," *Zolteck Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010), "draw[ing] on [its own] judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### B. Moore's Exhaustion of Administrative Remedies

Filing an administrative complaint and obtaining a right-to-sue letter from the EEOC are prerequisites to any private action under Title I of the ADA. *See* 42 U.S.C. § 12117(a) (incorporating § 2000e-5). Exhausting administrative remedies in this

fashion furthers the goal of providing the EEOC an opportunity to seek voluntary compliance and conciliation before a law suit is filed. *See*, *e.g.*, *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) ("Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.") (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 180–81 (1989)); *Greenwood v. Ross*, 778 F.2d 448, 450 (8th Cir. 1985) (noting that the aim of the filing requirement is to give notice to the employer and encourage the employer's voluntary compliance with Title VII).

"The proper exhaustion of administrative remedies gives the plaintiff a green light to bring h[is] employment-discrimination claim, along with allegations that are 'like or reasonably related' to that claim, in federal court." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996). Generally speaking, a claimant who fails to name a party in the administrative charge generally may not sue that party under Title VII. Omission of a party's name from an EEOC charge, however, does not automatically preclude suit against that party because it may frustrate the remedial goals of employment discrimination statutes. *Id*. The Eighth Circuit Court of Appeals appears to have recognized two exceptions to the requirement that plaintiffs explicitly name defendants in EEOC charges. The first occurs where there is sufficient identity of interest between the unnamed defendant and the party named in the administrative charge. *Greenwood*, 778 F.2d at 451. The second occurs when "the unnamed party has been afforded adequate notice of the EEOC charge and the opportunity to participate in any proceedings held before the EEOC." *Chandler v. Fast Lane, Inc.*, No. CIV.LR–C–94–435, 1994 WL 651928 (E.D. Ark. Nov. 14, 1994) (citing *Greenwood*, 778 F.2d at 451). These two exceptions overlap to a degree because there is a presumption of adequate notice and the opportunity to participate in EEOC proceedings for an unnamed party under the

identity of interest doctrine. *See Kizer v. Curators of Univ. of Missouri*, 816 F. Supp. 548, 551 (E.D. Mo. 1993) (citing *Greenwood*, 778 F.2d at 451) ("[T]he named respondent and the unnamed party may share sufficient identity of interest to satisfy Title VII's intention that each defendant shall have adequate notice and opportunity to conciliate.").

The identity of interest exception applies where the interests of a named party are so similar to those of the unnamed party's interest that, for purpose of obtaining voluntary conciliation and compliance, it is unnecessary to include the unnamed party in the EEOC proceeding. "Generally, the Court looks at the following factors to determine when two entities will be treated as one for purposes of administrative exhaustion: '(1) the similarity of interest between the named and unnamed party; (2) whether the unnamed party's identity could have been ascertained by the plaintiff at the time of the EEOC filing; (3) whether the unnamed party received adequate notice of the charges; (4) whether the unnamed party had adequate opportunity to participate in conciliation proceedings; and (5) whether exclusion from the EEOC proceedings actually work a prejudice on the unnamed party.'" *Schoenfeld v. U.S. Resort Mgmt., Inc.*, No. 05-4368-CV-C-NKL, 2007 WL 2363500, at *1 (W.D. Mo. Aug. 16, 2007) (quoting *Gordon v. MCG Health, Inc.*, 301 F. Supp. 2d 1333, 1338 (S.D. Ga. 2003)), and citing also *Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1358-59 (11th Cir. 1994). Other courts have considered similar factors. *See Romero v. Union Pacific Railroad*, 615 F.2d 1303, 1312 (10th Cir. 1980) (identifying the following factors: (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether the interests of the named are so similar as the unnamed party's interest that for the purposes of obtaining voluntary consolation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual

prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that the relationship with the complainant is to be through the named party.).

With these general principles in mind, and applying the factors identified above, the Court will consider separately whether the Great River had an identity of interest in HI and Kahler such that "notice to one was notice to the other." *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985).

### 1. Identity of Interest Between HI and Great River

Moore argues that she exhausted her remedies as to HI, both on the ADA claim and the Iowa Civil Right claim, because HI shares an identity of interest with Great River such that notification to Great River of the EEOC charge was equivalent to notification to HI. Moore's Second Amended Complaint describes HI as an Iowa corporation that "provides professional management services for the Great River Care Center." Doc. 8, ¶6. An identity of interest between entities may exist even though one is not wholly owned or a subsidiary of another entity. For example, in *Hile v. Jimmy Johns Highway 55, Golden Valley*, 899 F. Supp. 2d 843 (D. Minn. 2012), the court found that "a franchisor and its franchisees have an identity of interest in defending discrimination claims based on the franchisees' conduct, particularly when that conduct purportedly was undertaken due to the *franchisor's* unlawful policies." 899 F. Supp. 2d at 849 (emphasis in original). The *Hile* Court noted, however, that there was "no evidence in the record that the Franchises lacked notice" of the discrimination charge, and the court found it "particularly unlikely that neither the EEOC nor Jimmy John's would have contacted the Franchises while investigating" the discrimination claim. *Id*. In *Sedlacek*, the court found an identity of interests existed between two entities when (1) the entities conceded

at oral argument that they were a "single employer" for jurisdictional purposes; and (2) had common management and ownership.   752 F.2d at 336.

In this case, HI has not conceded that it is a common employer with the Great River.   HI claims it did not receive notice of a discrimination claim against it.   The only reference to HI in the Charge of Discrimination (No. 05982) is in the address line.   Doc. 13-2, at 8.   HI asserts that the street address given in that box is for Great River, not HI, and Moore does not dispute that.   There is nothing in the "particulars" portion of the charge referencing HI.   *Id*.   The right to sue letter makes no reference to HI, and shows only Great River receiving a copy.   Doc. 13-2, at 39.   The ADA Charge of Discrimination (No. 01246), does not mention HI at all.   Doc. 13-2, at 14.   Again, the right to sue letter was provided only to Great River.   Doc. 13-2, at 38.

There is no information before the Court from the face of the complaint or supporting EEOC documents that establishes that HI and Great River lack common management or ownership.   Although it is not clear exactly what business relationship exists between the entities, the Court must accept as true Moore's allegation that HI provides professional management services for Great River.   It appears reasonable, given that relationship, that HI knew or should have known that Moore was making a discrimination claim against it.   *Sedlacek*, 752 F.2d at 336 (holding that notice requirement is satisfied "if a party 'sought to be included as a defendant knew or should have known that his conduct might be the subject of inquiry at issue.").   Although HI argues it was not given an opportunity to participate in conciliation proceedings, there is nothing in the Second Amended Complaint or supporting documents that indicates the extent to which HI was or was not involved in the conciliation process.   Finally, based on the record before the Court in this motion to dismiss, it cannot determine whether HI was actually prejudiced by not being explicitly named in the EEOC charge.

Defendants argue that Moore's "Second Amended Complaint does not allege that a 'substantial identity' exists between McGregor Nursing Home Company L.C. and Healthcare of Iowa." Doc. 41, at 8. As noted, however, a claim that Moore failed to exhaust administrative remedies is an affirmative defense. Moore had no obligation to plead in anticipation of an affirmative defense. A complaint may, nevertheless, be subject to dismissal under Rule 12(b)(6) when an affirmative defense appears on its face. *See Nash v. Lappin*, 172 Fed. App'x 702, 703 (8th Cir. 2006) (affirming dismissal because "[w]hile the exhaustion requirement is an affirmative defense that a defendant must plead and prove, . . . it is clear from the dates of the alleged incidents that Nash could not have administratively exhausted all of his claims when he filed the lawsuit"). Thus, the burden is on defendants HI and Kahler, as the moving parties, to establish that a sufficient basis exists to dismiss suit against them based on facts alleged on the face of the complaint and any documents the Court may consider in addition to the complaint. The Court cannot, here, definitively conclude from the face of the complaint that defendants have established their affirmative defense. When the Court must rely on other facts to determine whether there is an identity of interest, then the better vehicle for addressing this affirmative defense is in a motion for summary judgment and not a motion to dismiss. As one court noted, "whether there exists an identity of interest is a fact question ill-suited to resolution" pursuant to a motion to dismiss. *Hile*, 899 F. Supp. 2d at 849.

Accordingly, at this stage of the litigation, the Court does not find that the complaint and supporting documents establishes that HI lacked an identity of interest with Great River such that the Court should dismiss HI from the law suit. HI may bring a motion for summary judgment at a later time if it believes it can show additional facts establishing a lack of identity of interest with Great River such that notice to Great River did not effectively give notice to HI.

## 2. Identity of Interest Between Kahler and Great River

Plaintiff Moore's Second Amended Complaint identifies Kahler as a "managerial or supervisory employee" of "Great River Care Center and Healthcare of Iowa." Doc. 8, ¶7. A manager or supervisor may, in some cases, have an identity of interest with an employer. In *Greenwood,* the Eighth Circuit concluded that the failure to name a university's chancellor and athletic director in the EEOC complaint filed by an assistant basketball coach was not fatal to plaintiff's Title VII claim. *Greenwood*, 778 F.2d at 451. The court found an identity of interest between the university and the unnamed defendants. *Id*. The court also noted that the unnamed parties "had notice of the proceedings against them and were represented by counsel from the beginning." *Id*. The court also noted that individuals "were aware of the possibility of conciliation at an early date." 778 F.2d at 450-51. Finally, the *Greenwood* Court concluded that dismissal of the claims against the unnamed parties would result in a frustration of the purposes of Title VII. *Id*.

A court reached a similar conclusion in *Kizer*, which also involved an age discrimination claim against a university and a dean and chairperson of a professor's department. In *Kizer*, the defendants "concede[d] an identity of interest exist[ed] between themselves and the University." *Kizer*, 816 F. Supp. at 551. The *Kizer* court also noted that, even though they were not named in the EEOC charge, the individual defendants "were on notice of the charges . . . because they had been interviewed as part of the EEOC investigation." *Id*. Similarly, in *Lenius v. Deere & Co.*, No. 12-20063, 2014 WL 2891029, at *22 (N.D. Iowa Jun.25, 2014), this Court held there was a sufficient identity of interest where the individual defendants were managers of the company, "[a]ll three had actual knowledge that [the plaintiff] filed a claim with the

13

EEOC," and "[a]ll three were named in the narrative portion of [the plaintiff's] EEOC charge." In contrast, in *Stefanovic v. University of Tennessee*, 935 F. Supp. 950, 953-54 (E.D. Tenn. 1996), the court found that individual officials did not, in their individual capacities, have an identity of interest with the University for whom they worked.

In this case, Kahler was referenced only by description of her position as an administrator, and only in the Charge of Discrimination (No. 01246) that led to the right to sue under ADA. It is unclear why the EEOC omitted that reference in the other Charge of Discrimination (No. 05982) when both were based on the same complaint. "Because persons filing charges with the EEOC typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of Title VII." *Soto v. John Morrell & Co.*, 285 F. Supp. 2d 1146, 1170 (N.D. Iowa 2003). There is nothing in the complaint or supporting documents indicating whether Kahler was or was not interviewed by the EEOC as part of the investigation. Kahler argues that she did not receive actual notice that Moore was alleging she discriminated against her, and that she was not given an opportunity to participate in conciliation efforts. Yet, that assertion is not supported by facts contained in the complaint or supporting documentation. It is clear that Great River identified Kahler as the administrator involved in rescinding Moore's offer of employment. Doc. 13-2, at 21-25, 30-31.

There is nothing in the Complaint or supporting documents that show that Great River did not direct Kahler's conduct, or to negate the allegation that Kahler, as a supervisor, was acting on behalf of Great River. The Court cannot conclude based on the limited documents it may consider in the context of a motion to dismiss that Kahler did not know, or have reason to know, that Moore was claiming Kahler discriminated against her. Finally, there is nothing in this limited record showing that Kahler was actually prejudiced by the fact that she was not identified by name in the Charge of

Discrimination as a party responsible for discriminating against Moore. Again, Kahler may bring a motion for summary judgment at a later time if there are facts outside of the complaint and supporting documents showing that, as the Administrator at Great River, she was unaware of the claim she discriminated against Moore and was deprived of the opportunity to participate in any attempt at conciliation.

## IV. CONCLUSION

In summary, the Court recognizes that neither HI nor Kahler were named in either Charge of Discrimination as the party responsible for discriminating against Moore. Based on the limited documents the Court may consider in relation to a motion to dismiss, however, and accepting as true the allegations Moore makes regarding the connection between Great River and HI and Kahler, the Court cannot find that defendants have established their affirmative defense of failure to exhaust administrative remedies. In reaching this conclusion, the Court has sought to avoid frustrating the goals of the ADA and Iowa Civil Rights Act by dismissing defendants from a lawsuit based on the exactness of language in charges of discrimination drafted by EEOC employees. Therefore, the Court **denies** defendants' motion to dismiss (Doc. 11).

**IT IS SO ORDERED** this 2nd day of November, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa